IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARSHALL MONTGOMERY, #184044, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>ALA. DEPT. OF CORRECTIONS, et al., )<br>)<br>    Defendants. ) | CIVIL ACTION NO. 2:11-CV-757-TMH<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Marshall Montgomery ["Montgomery"], a state inmate, in which he challenges the constitutionality of his confinement pursuant to sentences imposed upon him by the Circuit Court of Jefferson County, Alabama on April 16, 2010, for three counts of criminal possession of a forged instrument, and the Circuit Court of Shelby County, Alabama on May 6, 2010, for three counts of second degree forgery.[1]  Specifically, Montgomery argues that he is

---

[1] The Jefferson County Circuit Court initially sentenced Montgomery to split sentences of 15 years with 3 years immediate imprisonment and suspended the remaining 12 years of the sentence. *Plaintiff's Attachment to the Amendment to the Complaint - Court Doc. No. 9-1* at 2.  The court ordered each of these sentences to run concurrent with the sentence imposed on the first count. *Id*. at 11. The Circuit Court of Shelby County sentenced Montgomery in each of the forgery cases to concurrent split sentences of 15 years - 2 years imprisonment allowing 82 days of jail credit toward this term of imprisonment, the remainder of the sentence suspended and three years of supervised release. *Id*. at 5-10.  The Shelby County Circuit Court ordered its sentences to run concurrent with the Jefferson County sentences. *Id*. On June 15, 2011, the Jefferson County Circuit Court amended its sentences "to time served ... & probation for balance of sentence[s] to be released from DOC on 8-1-11 [regarding the three Jefferson County cases for possession of a forged instrument and two other 2010 Jefferson County cases].  The amendment of the Jefferson County

improperly incarcerated on these sentences because the Circuit Court of Jefferson County amended its sentences to time served. Montgomery seeks declaratory relief, his immediate release from the custody of the Alabama Department of Corrections and monetary damages for each day detained past his purported release date. *Plaintiff's Complaint - Court Doc. No. 1* at 6.

Upon review of the complaint, as amended, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

## II. DISCUSSION

Montgomery asserts he is improperly incarcerated on sentences imposed in 2010 by the courts of Jefferson County, Alabama and Shelby County, Alabama as it is his belief each of these sentences have expired.[3] Thus, the claims presented to this court go to the fundamental legality of Montgomery's current incarceration and, therefore, provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v.*

---

sentences, however, had no affect on the terms of the sentences imposed for the Shelby County convictions. Thus, the sentences imposed by Shelby County remain in full force and, in accordance with the records submitted by the plaintiff, do not expire until sometime in February of 2012.

[2]The court entered an order granting Montgomery leave to proceed *in forma pauperis* in this cause of action. *Order of September 15, 2011 - Court Doc. No. 3*. Despite Montgomery's payment of an initial partial filing fee, this court must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[3]As previously noted, the state court records filed by Montgomery do not support his argument that each of his Alabama sentences have expired; instead, these documents refute Montgomery's argument. Upon a thorough review of the records presented, it appears that the Shelby County will not expire until February of 2012.

*Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned" in an appropriate action and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence [made the basis of his current incarceration]." 512 U.S. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" the basis for his confinement "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 ..." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the

3

procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a term of incarceration is a petition for writ of habeas corpus filed in accordance with the directives of 28 U.S.C. § 2254. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Montgomery challenges the constitutionality of his confinement with respect to the validity of his current incarceration pursuant to sentences imposed upon him by the state courts of Jefferson and Shelby counties. A judgment in favor of Montgomery on this complaint would necessarily imply the invalidity of his current incarceration. It is clear from the records of this court that the sentences and resulting confinement about which the plaintiff complains with respect to actions taken by the Shelby County court have not been expunged or invalidated in an appropriate proceeding. Consequently, the instant collateral attack is prohibited and subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice prior to service of process in accordance with the

provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).  It is further

ORDERED that on or before November 9, 2011, the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 26th day of October, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE